Case number 17-1828 Associacao Brasileira de Medic v. Stryker Corporation Oral argument not to exceed 15 minutes per side. When ready, Mr. DeRose for the appellant. Good morning, Your Honors. May it please the Court, for the appellant Associao Brasileira de Medicina de Grupo, who I will refer to as a Bronjay throughout my presentation. Can I have five minutes for rebuttal, please? Before turning to the legal and analytical failings of the District Court, I'd like to take a moment to focus on the ramifications of the District Court's decisions and why those ramifications warrant this panel considering the appealed from decision. At its most basic, the Western District of Michigan has put a Bronjay out of the American courts while there is a very high likelihood that the Brazilian courts will not exercise jurisdiction over this dispute. And we know that the Brazilian courts will not exercise jurisdiction over this dispute because in the related cases where defendants have moved for dismissal based on form nonconvenes, they have submitted expert testimony in rebuttal which shows that there are statute of limitation issues with respect to a Bronjay bringing this case in Brazil, and there's an open question whether or not the Brazilian courts will even consider the type of liability that a Bronjay is asserting, which is based on damages flowing from a fraudulent inducement that relied on third parties. Now this information is not in the record in this case because the move-in did not satisfy its burden to make a showing to the District Court that Brazil was an available or adequate forum. Instead what it did, Stryker cited three cases to the District Court in its moving brief where Brazil was demonstrated to be an available forum under the particular facts of those cases. And left it at that. Then when a Bronjay pointed out that this came nowhere near meeting the requirements of a form nonconvenes dismissal under the Supreme Court case law or this circuit court's case law or any other circuit court's case law, they simply dashed off a one-line consent to jurisdiction in Brazil. And now they take in their appellate briefing the somehow satisfies their requirements to demonstrate that Brazil is an adequate and available forum. A Bronjay submits that this is not the case. There's no case law that submits that a consent on its own, even assuming that the consent was sufficient to make Brazil an available forum, is enough to justify a forum nonconvenes dismissal. And there are two cases in particular that I'd like to mention. One of them is a Seventh Circuit case called Debb versus Sirva. And that's 832 F3rd 800. That's from the Seventh Circuit 2016. In that case, the Northern District of Illinois, I believe, dismissed a case on forum nonconvenes under very similar cases, and the district court granted the motion. The Seventh Circuit reversed, and reversed in a pretty detailed opinion, holding that where a district court doesn't hold the movement to any burden to demonstrate the availability or adequacy of a foreign forum, there can be no forum nonconvenes dismissal. I would submit that even though it's not binding precedent, that this is very persuasive precedent, and that is the result that this court should find in this instance, reversing the district court. Is the basis of your argument the second component of the forum nonconvenience test, that the failure to establish an adequate and and request deference to you on the first step, which is to determine the degree of deference that's owed the plaintiff's forum choice? That's one of the arguments that we make, Judge Strange. It's not the chief argument. The chief argument we make, or the chief argument that was intended to be made, and I apologize if it didn't come across in the briefing, is that Stryker had a burden to demonstrate that Brazil was available and adequate. They failed to do either of those, and without demonstrating... There's some record information that would suggest that there's not a challenge to adequacy, that your real challenge is to availability. Well, Your Honor, Judge Yonker made a statement in the decision that we did not challenge the adequacy of the Brazilian courts. That's not correct. We weren't put in a position where we were... We contend that because Stryker failed completely to carry its burden, we weren't put in a position where we even had to reach the issue to even have to make that showing. In the other instances, in the state court in Texas action, and the district court in Delaware action, both of which are ongoing, when the movement submitted expert testimony as to the availability and adequacy of Brazil as a forum, we put in expert testimony that contradicts that. We didn't even get to that question. We chose to respond to their argument based on the fact that they completely failed to meet their burden, which they did. If they had actually done something affirmative, rather than just mentioning it in their reply brief, about consenting to jurisdiction in Brazil, then whose burden would it have been to demonstrate either the adequacy or inadequacy of the forum? It's still their burden to demonstrate that the forum is adequate. They need to demonstrate that it's available and adequate. It's a conjunctive test. And I would direct this Court to the second case that I was working my way to before, which is Galistian v. Peter, 591 F3rd 724. That's a Fourth Circuit case from 2010. In that instance, there was a dispute between private security contractors in Iraq. And the defendant consented to jurisdiction in Iraq and submitted an expert affidavit that spoke to whether the Iraqi courts were adequate to hear the particular dispute. Consented how? Consented by? There was a formal consent issued by the company, much like you had in the Heffernan case, which was this Court's last real writing on forum nonconvenience. The Fourth Circuit found that even though you had consent and you had expert formal consent and expert testimony, the expert testimony wasn't sufficient enough to demonstrate that Iraq was an available forum. And that had to do with questions about whether or not Iraq could exercise jurisdiction based on the provisional government that was in place after the last Gulf War. So it denied the dismissal? It reversed the dismissal. Now, Abramje submits that that is the controlling analysis that needs to be done here. It wasn't done here. And what happened because it wasn't done here is the district court inverted the burden and placed it on Abramje to respond to a motion that doesn't meet the requirements of that motion with evidence pointing out why it shouldn't have to go to Brazil. Let's assume they did it incorrectly. What is your best authority for saying that if the case were remanded they could not bring another motion and actually people it with the right type of consent and information on it? My best authority is Rule 12, Your Honor, Rule 12G, in that they're not allowed to make another venue motion after they've already made one. Well, they're not allowed to make omitted arguments, but they made this argument. The question is whether they supported it adequately. I'm not sure I see that in Rule 12G-2. Isn't that expressly related to omitted arguments? Well, I see my time is running to my end. You've got time to give me an answer. I know that, Your Honor, though I might have been trying not to. We appreciate your candor. Isn't an omitted argument, the way that they've made the argument, I would stand on that they did in fact omit it. It was a throwaway. It wasn't made in any meaningful or serious way. It was tossed off in the district court. I want to make sure that I'm factually correct here. In your brief, and I think what you said in your argument was that this consent only appeared in the reply brief. Is that right? In the reply brief, one sentence, it says striker consents to the jurisdiction. There never was anything that was a formal consent to jurisdiction in Brazil? No. All right. Thank you. Thank you. May it please the Court. I'm Andy Portiga on behalf of Striker Corporation. I'd like to begin, if I may, by addressing the Golistan case that Mr. DeRose talked about, which is a Fourth Circuit case. And what's important about that case is in that case, the court actually did not address the merits of the form of nonconvenience argument. The court determined that the argument was premature because a new defendant had been added, and the court said, nevertheless, I'm going to give some guidance to the lower court, and then basically laid out the case law in form of nonconvenience. So there's actually no ruling on the form of nonconvenience issue in that Golistan case. But do you say that there's other case law that disputes what the Fourth Circuit says the test is? I think we all agree on what the law is, really. The law is kind of pretty well established here. And the issue in Golistan was you had a British citizen who in the post-war provisional government had immunity, so there's some question about whether that individual could be subject to civil suit in the post-war Iraq. It's really not applicable to this case. Judge Stranch, you asked a question about whether we could just renew this if this got remanded, and the answer is yes. And Rule 12B3 doesn't apply here because that applies to motions based on improper venue. That's not a form of nonconvenience motion. Form of nonconvenience is you have two forms. One is more convenient than the other. 12B3 applies when the chosen venue is improper. And so our motion wasn't based on Rule 12B3. Well, but your motion was lacking any formal consent. There's no question of that, correct? I disagree with that, Judge Stranch. I do acknowledge that our opening brief did not address consent directly. Frankly, we didn't think it was an issue. But in our reply brief, we made it very clear. Can an attorney in a reply brief formally consent to jurisdiction in another court on behalf of his client? Attorneys speak for their clients. Yes, Your Honor. My statements to the court are binding on my client, absolutely. In this case, I'm struggling with that because all of the case law looks to formal consents by an authorized board or officer of the corporation. To me, the reply is not the place to raise that. But I'm also concerned with the fact that it's simply a statement of counsel and the question becomes whether the corporate entity has actually formally subjected itself and is willing to do so to another court. Right. What's your best case to say that your line in the reply memorandum is sufficient to bind Stryker to granting consent to jurisdiction in a Brazilian court? In terms of a citation, Your Honor, I have to defer. I don't have it right here. But I would say there's a lot of case law that says that the statements of attorney are binding on a client. In that particular litigation? You mean on the issue of foreign nonconvenience? In that particular litigation? I'm sorry. To me, you could be held to that within the court in the litigation in which you are involved. The question becomes can you be held to that when the attempt is made to seek jurisdiction in a Brazilian court? And I believe the answer is yes. In terms of citing you a case, Judge Strange, I'm sorry, I cannot right now. Let's assume that we remand this case to the district court. You say you get a second bite at the apple. Do we have the authority to attach a requirement to any remand that you pay the opposing party's expenses should you renew the motion? I don't know what the basis of that authority would be, Your Honor, nor do I think it would be appropriate in this case. It wouldn't bother you if we did that, would it? It actually would, Your Honor. I don't think that would be appropriate at all. And frankly, Your Honor, the case law, I believe the case law, there's a practical aspect of this. The argument seems to be we don't know that we're going to be able to bring this case down in Brazil. Well, the dismissal in the Western District was without prejudice.  But your burden under the applicable forum nonconvenience test is that you have to establish that there is an adequate alternative forum. The United States Supreme Court has held that in Gulf Oil. They say the doctrine of forum nonconvenience presupposes the availability of two forums. That's why it's your burden to establish that there is, in fact, another forum available if you are going to obtain dismissal in this forum. And I agree it is our burden, no question about it. But that burden is not hard to meet because when you look at the Hefferon case or Piper case or any number of cases, if you simply consent to the foreign jurisdiction, you met your burden. And I want to talk about Hefferon a little bit, if I may, Your Honor, because that is the most recent Sixth Circuit case. And there's an important aspect of that case is that in that case, the court said we're going to do a choice of law analysis. The lower court says do a choice of law analysis. And we're going to apply, in that case, German law under the state's choice of law rules. Because the choice of law points to the foreign jurisdiction, there's really no issue regarding adequacy. But there was not an issue regarding adequacy in Hefferon because the defendants put forth a German law expert for the proposition that their stipulation would be effective in a German court. That was in the district court. But the Sixth Circuit said nothing about the expert's affidavits. But I guess my concern is that all of the – you cite Zing, Solari, Hefferon, and talk about them as being supportive of your case. But in all of those cases, there was expert evidence that this forum was available and that it was adequate to be a forum in which this case could be resolved. And I see none of that in your case. In none of those cases, Judge Stranz required an expert affidavit. None of those cases require that. And in this situation – Well, I'm struggling with why, because the courts only – in those cases, only found that those individuals, those companies, had satisfied their burden on the basis that they had provided expert testimony of adequacy and availability. So it begs the question whether they said – whether they had to say, you had to have expert testimony, because in all those cases, they did. And the response from the court was, you satisfied your burden. Can you show me a case that says you can satisfy your burden with a simple statement in argument or in briefing that says, I consent to the jurisdiction? Judge Stranz, I can cite several cases where the district court has raised forum nonconvenience. Sui Esponte hasn't been raised by the parties. Sui Esponte in the Sixth Circuit affirmed. The Wong case is one of those. The Wong case, I think, is 2009, written by Judge McKee. And it cites another case from a few years before that, Sixth Circuit case. Well, in Wong, the Gibraltar courts were available for that suit because the Gibraltar Corporation had its principal place of business in Gibraltar, and the agreement that was the subject of that litigation included a forum selection clause that cited Gibraltar. Do you have any of those matters in your case? Do I have any of – You have a forum nonconvenience – a forum selection clause in an agreement or an entity whose principal place of business is in Brazil. No. Because they're not. No. What I have is a client who has agreed to subject himself to jurisdiction in Brazil. And that is sufficient to establish availability. Isn't it an evidentiary question as to whether your client has actually done that? I mean, under what circumstances do we say that a statement in a brief satisfies an evidentiary requirement? Your Honor, as an officer of court and as an agent of my client, when I say something, it means something. And I am authorized by Stryker Corporation to say Stryker consents to jurisdiction in Brazil. I was authorized in the district court. I think you could have done that in the context of the motion practice, perhaps. But, I mean, it's really troubling to me that we're going to set some kind of a precedent that says, well, we said so in the brief. That's all it takes when there are actually requirements of evidence of a particular action. Respectfully, Judge Batchelder, I'm not sure what the difference would be. So I went to the president of Stryker, the CEO, and he signs an affidavit. Or I, as an attorney, an authorized agent in the corporation, I make the statement in the brief under my ethical obligations. I'm not sure that there's any practical difference. They're both binding on the client. Well, under your American ethical obligations, the question is, what is binding on a Brazilian court? And I'm really struggling with the idea that you can say something, not in your first brief so it can be responded to, but in a reply brief that does not meet what I see in all of the cases, including the Sixth Circuit cases from Solari, even the ones that you have cited. There has been something in there that is evidence of meeting the requirements of adequacy and availability. I think here the stumble is on availability. I don't see anything in the record that indicates that there would be availability, nor do I see a parallel to the cases you cite because each of them has either affidavit testimony, expert testimony, or contractual obligations that would carry that burden of proof. So let me address those two things separately. Adequacy first. Adequacy can't be an issue here because of the choice of law analysis. Judge Yonker held that Brazilian law would apply even in a state in Michigan. And so there is no difference. But a law can apply and a court not have jurisdiction. Just because you borrow law from another court does not presume that that court, were the parties to present themselves, would exercise its jurisdiction. It's a different issue. And you're talking about availability, which I'd like to talk about as well. But adequacy, I think, is not an issue at all because of the choice of law analysis. Okay? No, explain to me again because. Because the law is the same. I mean, in adequacy, you ask, is the law adequate for this cause of action? And the law is the same regardless of which venue. And that's exactly what Hefferon held. So adequacy. Your opposing counsel says that the law, that the law, are you talking procedural law or substantive law? You're talking substantive law. Substantive. The statute of limitations as well. And this was not raised below. Okay? And they could have raised this below. But Mr. Durow has raised the possibility of maybe it's time barred in Brazil. Well, Michigan has a borrowing statute. And Michigan's borrowing statute says if you're an out-of-state plaintiff, you come into Michigan, and your cause of action is barred in your jurisdiction, you don't get our longer one. You don't get a longer statute of limitations. That's not an issue. In terms of adequacy, the law is the same in both venues. So there really can't be an issue in adequacy. I think you're raising the question of availability. And I understand that. And what I'd say on that, Judge Strantz, is because we consented, that satisfies our burden. There are probably a dozen cases where courts have sent cases off to Brazil. And there's never been anything where there's a situation where somebody said, well, Brazil refused to exercise jurisdiction over this. I acknowledge we have our burden, but our consent satisfies our burden. Then the burden shifts to them to say why that consent is not adequate. And they didn't do that. We satisfied our burden by consenting. They can't just sit on their hands and say, well, maybe Brazil won't hear the case. They've got to show that. They've got to come forward with something. We satisfied our burden. And there are about probably a dozen or more cases. What satisfaction of your burden to show that the Brazilian court would accept jurisdiction? They argue that on their side of the case, there is not a Brazilian entity. Now, there is the subsidiary that is a Brazilian entity, but not this defendant. So they argue that there is not jurisdiction in the Brazilian courts. Where do you have evidence in the record that a Brazilian court would accept jurisdiction of this case? And Judge Strange, our evidence is our consent, and that satisfies our burden. Our consent by itself satisfies our burden. And what's your best case that says that? The kind of consent that you have given, what's the best case you've given? Goodyear v. Salieri, 2014. And once you satisfied your burden in your reply brief, what was their avenue to rebut that? If they wanted to raise the issue in the district court, first of all, we didn't think that this would be an issue at all. But if they wanted to raise it, they could have sought supplemental briefing. And the other thing, Judge Batchelder, is this is a legal question. It's not a factual question. It's something that if there's some reason why they think that Brazil wouldn't take jurisdiction, they can raise that legal issue on appeal. They didn't do that. Instead, they're sort of playing coy here and saying, well, we just think maybe, possibly, Brazil won't exercise jurisdiction over this. But that's never happened in any of the dozen or more cases. And I want to, if I could, very quickly talk about one quick case here, which is the Mendez case out of New York, which they cite. And in that case, the Southern District of New York dismissed the case and said, go file it in Brazil, and the district court put a condition on it. They said, if Brazil doesn't take jurisdiction, you can refile it. And the plaintiff went down there. It got dismissed. They came back to New York. And I'm sure that Mr. DeRose will talk about this. You would agree that you would accept a conditional dismissal that required returning to the United States in the event that the Brazilian court would not accept jurisdiction? I think that's what it is right now, Judge Strange, because it was a dismissal without prejudice. But quickly, to wrap up Mendez, when they came back to New York, the New York court looked at the complaint they filed down in Brazil and the complaint that they filed here and said, these aren't the same thing. They're not even close. They said, the stuff you filed there had different parties, different cause of action, different facts. That's why you got dismissed down there. So to the extent that that case is talked about in a rebuttal, I just want to keep in mind that what happened in that case was there's a little bit of games playing on the plaintiff in terms of trying to file a case in Brazil that would get dismissed. Thank you. I'd like to address two points, and then I'd like to talk about the accusations that flew two or three times of games playing. Actually, I'd like to address that first. What Stryker is asking for is an absolute departure from forum non-convenes law as set forth by the Supreme Court, this circuit, every other circuit. And it disregards the basis and purpose of what a forum non-convenes dismissal is. This idea that you can simply come into a case, consent to jurisdiction in a foreign country, and that jurisdiction is suddenly available, it defies belief. Judge Batchelder and Judge Trance, your skepticism of that, I think, is borne out with a very simple example. If I consent to jurisdiction in the federal courts with a diverse party for a dispute that's worth $50,000, what is that worth? It is worth nothing, because I don't meet the requirements of diversity. There is nothing anywhere that demonstrates that the consent, their we consent to jurisdiction in Brazil, so the forum is available, satisfies any requirement that Brazil would apply on parties for it to be before it. And that is a critical failing. And that's not even getting into their failure to demonstrate that Brazil is adequate. And my learned opponent refers to, oh, there are all these instances where the courts of Brazil have been held to be adequate. And they do exist. But there are other cases where the courts of Brazil have been held to be inadequate for the particular dispute that's before it. And I brought the wrong binder up, which is embarrassing. There's a case, EIG Energy Factor 14, out of the District of Columbia. And in that case, it was a case that is more along the lines of this one than other ones. It had to do with bribery that came out of the Petrobras scandal. And in that case, the district for the District of Columbia, when presented with extensive expert analysis, determined that the courts of Brazil were not adequate to handle a case of that type. Because it didn't allow for the causes of action to be before the court. They are trying to elide the and test and turn it into an or test. And that shouldn't be permitted. Or, if the court is willing to do that, it should realize exactly what it would be doing in a decision that held that. The other thing that I would like to address is this idea that the choice of law has been decided. The district court should not have even gotten to the issue of choice of law. That is one of the public or private interest factors that are only considered after the movement demonstrates that there is an adequate and available foreign form. That wasn't done here. It's an issue that wasn't before the court in any meaningful way. And now to be told that the law of Brazil is going to apply so there's no prejudice, just go to Brazil and bring your case and then come back, it's a dismissal without prejudice. Well, the expert testimony put forth in the other cases demonstrates that it will take about 10 years to get a decision in Brazil. And that's assuming that all of the appellate options aren't exercised. So, I'm a New York lawyer. I'm not completely conversant with the statute of limitations in Michigan, but I'm willing to bet that 10 years is well beyond the statute of limitations for Abramge's claims. And with respect to what Mr. Portenga had to say about the Mendes Jr. case, that was a case I was involved in. As an associate, the filings in Brazil matched. What they did was they conformed the American causes of action to the Brazilian causes of action. The American complaint was submitted as an attachment to the Brazilian complaint. So this idea that, oh, we're in gamesmanship and we're just here and we're just trying to create trouble, we came and we sued Stryker in their home district, from what I understand the courthouse is 25 miles away from their corporate headquarters. I mean, come on. This is, they didn't meet their burden. The district court should have denied their motion, and we ask that this court reverse. Thank you, counsel.